IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02232-PAB-MDB

LESLIE HOOF a/k/a LESLIE MANNING,

    Plaintiff,

v.

AYAHUASCA FOUNDATION,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment and Request for Evidentiary Hearing [Docket No. 31].

## I. BACKGROUND

### A. <u>Factual Allegations[1]</u>

Plaintiff Leslie Hoof (also known as Leslie Manning) is a Colorado citizen. Docket No. 1 at 1, ¶ 1.  Defendant Ayahuasca Foundation is a foreign company that regularly conducts business throughout the United States, including but not limited to the marketing, advertisement, and sale of retreats and wellness workshops.  *Id.*, ¶ 2.  Defendant's primary address is in Peru.  *Id.*  Defendant also does business under other names, including as the Ayahuasca Association.  *Id.*

---

[1] Because of the Clerk of Court's entry of default against defendant, *see* Docket No. 30, the factual allegations in plaintiff's complaint, Docket No. 1, are deemed admitted.  *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

On or about September 25, 2021, plaintiff was on defendant's property located in Peru. *Id.* at 2, ¶ 9. She was walking down the hall from her room on the second floor when she slipped and fell on oil that had been left on the floor. *Id.*, ¶ 10. She severely fractured her wrist and arm and suffered other injuries. *Id.* at 3, ¶ 11. The conditions leading to the fall were present for a sufficient time that defendant knew or should have known of the dangerous condition, and defendant did not promptly correct the condition or warn plaintiff. *Id.*, ¶ 13.

Defendant was the landowner of the subject premises. *Id.*, ¶ 16. Defendant was responsible for the maintenance and condition of the property. *Id.* at 2, ¶ 6. Plaintiff was a paying guest of defendant at a wellness retreat/workshop program. *Id.*, ¶ 9. Plaintiff booked her spot in the program while in Colorado. *Id.*

### B. Procedural History

Plaintiff filed this lawsuit on August 31, 2023. Docket No. 1. Plaintiff asserts a claim against defendant for premises liability. *Id.* at 3-4, ¶¶ 15-20.

On September 5, 2023, the assigned magistrate judge issued an order to show cause raising questions as to subject matter jurisdiction. *See* Docket No. 4. The magistrate judge found that complete diversity of citizenship existed because plaintiff stated that she was a Colorado citizen and alleged that defendant was a foreign corporation with its principal place of business in Peru. *Id.* at 2. The magistrate judge noted, however, that plaintiff failed to allege that the amount in controversy exceeded $75,000. *Id.* at 2-3. The magistrate judge ordered plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. *Id.* at 3. Plaintiff responded by providing evidence of medical bills and lost wages and alleging various non-economic injuries. Docket No. 5. These damages exceed $75,000. *See id.*

Based on those representations, the magistrate judge discharged the order to show cause. Docket No. 6.

On December 30, 2024, the assigned magistrate judge found that plaintiff served defendant on December 17, 2024. Docket No. 28. Defendant has not made an appearance in this action. On March 24, 2025, the Clerk of the Court entered default against defendant. Docket No. 30. On April 14, 2025, plaintiff filed the motion for default judgment. Docket No. 31.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the

3

default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.") (internal citation omitted). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a

4

recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

## III. ANALYSIS

Plaintiff's motion for default judgment is brief and assumes that the Court will set an evidentiary hearing to determine the amount of damages. *See* Docket No. 31 at 1-2. However, before reaching the issue of damages, the Court must assess whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendant. Should the Court be satisfied of its jurisdiction, it must also consider whether the allegations in the complaint, accepted as true, entitle plaintiff to relief. For the reasons discussed below, the Court finds that it has subject matter jurisdiction, but lacks personal jurisdiction over defendant. Thus, the Court will not reach the merits of plaintiff's claim or the issue of damages. Since plaintiff indicates that she seeks an evidentiary hearing only on the issue of damages, and not on the issue of personal jurisdiction, *see id.*, the Court will deny the request for an evidentiary hearing.

### A. <u>Jurisdiction</u>

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

#### 1. *Subject Matter Jurisdiction*

The Court finds that it has subject matter jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1332. Section 1332 confers federal district courts with

jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Plaintiff is a Colorado citizen. Docket No. 1 at 1, ¶ 1. Defendant is a foreign corporation with a primary address in Peru. *Id.*, ¶ 2.[2] Thus, there is a complete diversity of citizenship. The Court also finds that, considering the information plaintiff submitted about her damages, *see* Docket No. 5, the amount in controversy exceeds $75,000. Thus, the Court finds that it has subject matter jurisdiction.

### 2. Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988); *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020). Plaintiff can satisfy her burden by making a *prima facie* showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). A court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction

---

[2] On the first page of the complaint, plaintiff affirmatively states that defendant is a foreign corporation with a primary address in Peru. Docket No. 1 at 1, ¶ 2. On the second page of the complaint, plaintiff states that defendant is "upon information and belief a foreign corporation." *Id.* at 2, ¶ 3. The Court has previously held that pleadings of citizenship based upon "information and belief" indicate a lack of affirmative knowledge of a defendant's citizenship and are thus insufficient to establish subject matter jurisdiction. *See United Specialty Ins. Co. v. Creager*, No. 22-cv-02052-PAB, 2023 WL 2375088, at *2 (D. Colo. Mar. 3, 2023). Even if, however, plaintiff's use of the term "information and belief" in its second reference to defendant's citizenship undermines her first, more-definitive reference, the Court finds that it has subject matter jurisdiction. This is because, as part of her efforts to establish service of process, plaintiff submitted a copy of an email in which Carlos Tanner, who describes himself as the "director" of Ayahuasca Foundation, states that Ayahuasca Foundation is a "Peruvian non-profit and only operate[s] in Peru." *See* Docket No. 27-1 at 1-2. The Court finds that, given the circumstances of the case, this information is sufficient to establish that defendant is a citizen of Peru.

6

exists.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  However, "[c]onclusory allegations as to the transaction of business, devoid of further factual support, are insufficient to establish a good faith basis for personal jurisdiction over a defendant."  *Ryuunosuke Takeshige v. Rich Board, LLC*, No. 20-cv-1262-WJM-KLM, 2021 WL 2351036, at *2 (D. Colo. June 9, 2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014)).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further.  *AST Sports Sci., Inc.*, 514 F.3d, at 1057.  The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant.  *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process.  *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

7

(1945).  Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction.  *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).[3]

General jurisdiction extends to "any and all claims" brought against a defendant, including claims that have no relation to the forum state.  *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citation omitted).  A court may exercise general jurisdiction only when a defendant is "essentially at home" in the state.  *Id*.  For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"  *Daimler AG*, 571 U.S. at 137 (citation omitted); *see also Ford Motor Co.*, 592 U.S. at 358-59.  Plaintiff states that defendant is a Peruvian entity and states no facts that would suggest that defendant is "essentially at home" in Colorado.  Accordingly, the Court finds that defendant is not subject to general jurisdiction in Colorado.

Specific jurisdiction is present only if the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum."  *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 582 U.S. 255, 262 (2017).  That is, "[a] plaintiff's injury must 'arise out of or relate to' the defendant's forum contacts."  *Compañía de Inversiones Mercantiles, S.A. v. Grupo*

---

[3] Proper service is also a jurisdictional prerequisite to litigation.  *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit.").  Without proper service, the Court lacks personal jurisdiction over a defendant.  *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).  The docket sheet reflects the various efforts plaintiff took to serve defendant.  *See* Docket No. 26 at 1-3 (recounting the history of service attempts; *see also* Docket No. 27.  The magistrate judge ultimately found that plaintiff had served defendant by email.  Docket No. 28.  The Court does not assess the adequacy of service here because, for the reasons discussed below, it finds that, regardless of service, it lacks personal jurisdiction over defendant.

*Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1284 (10th Cir. 2020) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)). In other words, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)).

The specific jurisdiction analysis is two-fold. First, a court must determine whether a defendant has such minimum contacts with Colorado that the defendant "should reasonably anticipate being haled into court" here. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Within this inquiry, the court must determine whether the defendant purposefully directed its activities at residents of the forum, *Burger King*, 471 U.S. at 472, and whether plaintiff's claim arises out of or results from "actions by . . . defendant . . . that create a substantial connection with the forum State." *Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (internal quotations omitted). "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford Motor Co.*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). "They must show that the defendant deliberately 'reached out beyond' its home – by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id*. (citation omitted). Second, if a defendant's actions create sufficient minimum contacts, the court must consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." *Asahi*, 480 U.S. at 105. The

court considers several factors as part of this analysis, including: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477.

Plaintiff's motion for default judgment does not explain why she believes the Court has specific jurisdiction over defendant. Her complaint offers only two brief allegations related to the issue of specific jurisdiction. First, plaintiff alleges that "[a]t all pertinent times, Defendant advertised, marketed and solicited business in Colorado from Plaintiff and others, including the sale of retreats/workshops." Docket No. 1 at 2, ¶ 8. Second, plaintiff alleges that she was "a paying guest of the Defendant through the aforementioned retreat/workshop program, which Plaintiff purchased while in the State of Colorado." *Id.*, ¶ 9.

The general allegation that defendant advertised, marketed, and solicited business in Colorado is "vague and conclusory, and does not set forth a colorable basis for the Court's exercise of personal jurisdiction." *Ryuunosuke Takeshige*, 2021 WL 2351036, at *2. Therefore, the only basis for jurisdiction supported by facts is that plaintiff booked her Peruvian retreat while in Colorado. The Court understands plaintiff to mean that she made her booking over the internet while in Colorado.

Courts are divided on whether an out-of-state defendant is subject to specific jurisdiction for selling products via an online website to consumers in a specific state. *See, e.g.*, *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1095 (9th Cir. 2023)

10

(holding that selling products on Amazon to Arizona residents created sufficient connections to Arizona for the exercise of personal jurisdiction); *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022) (holding that selling an infringing product on Amazon and shipping it to an Illinois address created sufficient connections to Illinois for the exercise of personal jurisdiction); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171-72 (2d Cir. 2010) (holding that selling a product online to New York buyers created sufficient connections to New York for the exercise of personal jurisdiction); *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 953 (8th Cir. 2022) (holding that selling a product online to a Missouri consumer was not sufficient to establish personal jurisdiction); *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783 (5th Cir. 2021) (holding that selling a product online to Louisiana residents was not sufficient to establish personal jurisdiction when the website did not specifically target Louisiana). The Ninth, Seventh, and Second Circuits have found that selling a product online can be sufficient to establish personal jurisdiction, while the Eighth and Fifth Circuits have found that something more than mere online sales is required.

The Tenth Circuit has not yet determined whether specific jurisdiction can be established through online sales. However, courts in this District have found that, in cases involving online sales, "minimum contacts can be established on the basis of the substantial or regular flow of sales from a non-resident company to residents of the forum state." *SEBO Am., LLC v. Red Vacuums LLC*, No. 23-cv-0116-WJM-SBP, 2024 WL 964816, at *3-4 (D. Colo. Mar. 6, 2024) (collecting cases). For example, in *Otter Prods., LLC v. Big Birds,* LLC, No. 19-cv-00626-DME-KLM, 2019 WL 13102793, at *1-2 (D. Colo. Aug. 9, 2019), the court found that plaintiff sufficiently

11

alleged that defendants had minimum contacts in Colorado based on allegations that (1) defendants "have made substantial and regular sales of infringing products bearing Plaintiffs' trademarks to Colorado," including "at least fifty such sales" occurring over a three month period; and (2) defendants "continue to regularly sell a high volume of other infringing products bearing Plaintiffs' trademarks into Colorado." (internal alterations omitted).  In *Otter Prod., LLC v. Phone Rehab, LLC*, No. 19-cv-00206-RM-MEH, 2019 WL 4736462, at *4 (D. Colo. Sept. 27, 2019), *report and recommendation adopted*, 2019 WL 6888276 (D. Colo. Dec. 18, 2019), the court found that plaintiffs established specific personal jurisdiction over defendants based on allegations that defendants sold and shipped 341 infringing products to Colorado consumers via Amazon for over a year, in addition to shipping over 1,000 other products to Colorado during the same time period.

By contrast, in *Red Vacuums*, the court found that SEBO failed to establish that defendant had sufficient minimum contacts in Colorado because SEBO's evidence only showed that defendant received seven online orders from consumers in Colorado, including six orders from plaintiff's counsel, and defendant only shipped one order to Colorado.  *Red Vacuums*, 2024 WL 964816, at *5.  The court found that "seven orders" was distinguishable from the "high volume" of sales in *Big Birds* and *Phone Rehab*.  *Id*.  Similarly, in *SEBO Am., LLC v. Mega Mart Warehouse LLC*, No. 22-cv-02898-PAB-KAS, 2024 WL 1257534, at *4-6 (D. Colo. Mar. 25, 2025), the Court found that four orders placed on Amazon were insufficient to establish minimum contacts with Colorado.

Plaintiff alleges, at most, a single sale of a service to a Colorado consumer. Docket No. 1 at 2, ¶ 9. Just as the seven orders were insufficient to establish minimum contacts in *Red Vacuums*, the single order here is insufficient to establish minimum contacts. *See Red Vacuums*, 2024 WL 964816, at *5. Moreover, the facts of this case are even weaker than those of *Red Vacuums* and others, because in those cases the defendant was shipping a product into Colorado after an online order. *See id.* Here, however, plaintiff purchased, while in Colorado, a service that was to be offered in Peru. Docket No. 1 at 2, ¶ 9. There is similarly no support for the proposition that a single consumer's purchase of a service offered somewhere else in the world creates specific jurisdiction in the state in which the purchase occurred. *See Rizas v. Vail Resorts, Inc.*, 2009 WL 10664835, at *4 (D. Wyo. June 16, 2009) ("The mere allegation of negligence, coupled with the injury of a forum resident, does not magically establish personal jurisdiction.") (citing *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995); *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1230 (10th Cir. 2020) ("an out-of-state resident's contract with a resident of the forum state is insufficient, standing alone, to create personal jurisdiction"); *cf. Dinkel v. Crane Care, Inc.*, 2010 WL 11453201, at *8 (D.N.M. Jan. 28, 2010) (services performed out-of-state for a forum-state resident are insufficient to establish specific jurisdiction in forum state).

Plaintiff may be able to plead facts demonstrating that the Court has specific personal jurisdiction over defendant, but she has not done so at this stage. Accordingly, the Court will deny the request for default judgment without prejudice for failure to plead sufficient facts showing personal jurisdiction. *See United States v. Noell*, No. 22-cv-02538-PAB-SBP, 2023 WL 4204669, at *5 (D. Colo. June 27, 2023) (denying default

judgment motion without prejudice for failure to plead sufficient personal jurisdiction allegations).

## IV. CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Motion for Entry of Default Judgment and Request for Evidentiary Hearing [Docket No. 31] is **DENIED without prejudice**.

DATED February 11, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge